## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PAULINE UNTALAN PANGILINAN,<br><br>Plaintiff,<br><br>vs.<br><br>MARCIANO PANGILINAN II,<br><br>Defendant. | Superior Court Case No. <u>DM0683-18</u><br><br><br>**DECISION AND ORDER RE MOTION FOR SPOUSAL SUPPORT AND ATTORNEY'S FEES *PENDENTE LITE* AND PRELIMINARY INJUNCTION** |

Plaintiff Pauline Untalan Pangilinan moves this Court for an award of spousal support and attorney's fees pending the outcome of this divorce proceeding. Finding that Defendant Marciano Pangilinan II lacks the ability to cover Pauline's monthly living expenses and that Pauline can cover her expenses with some effort to increase her income and reduce her expenses, the Court DENIES an award of spousal support. However, given the parties' relative circumstances and the inequity that will result in depriving Pauline of competent legal counsel, the Court GRANTS her an award of attorney's fees. Finally, the Court DENIES Pauline's request for a preliminary injunction to compel the continued payment on the mortgage.

## I.   FACTUAL BACKGROUND

The following discussion derives from the parties' testimony at the November 18, 2019 Motion Hearing, their supporting declarations, and their deposition testimonies.

**ORIGINAL**

### A. <u>Pauline's Financial Situation</u>

Pauline's monthly expenses exceed $5,000.00. Part of her expenses includes payment of the property taxes on the parties' Afame rental property, plus utilities for the two community real properties. She also expends funds on her Macy's and Old Navy credit cards to provide clothing to the parties' adult children. However, not included within Pauline's list of expenses is Pauline's attorney's fees. Her attorney has incurred an average of $1,875.00 per month since the filing of the Complaint. Decl. Pauline Pangelinan (Oct. 2, 2019); Pl.'s Reply at 5 (Nov. 7, 2019).

Her income derives largely from rental properties. She recently inherited six rental units and a retail space from her parents. Not. Lodgment Depo. Pauline Pangilinan at 22-23 (Oct. 4, 2019). Two units are not leased--her sister lives in one rent-free and the other is used as storage and has allegedly fallen into disrepair. *Id.* at 21. In total, she claims that she earns $1,765.96 per month from the units she currently leases out, plus she receives $900 monthly from the parties' Afame rental property, for a total approximate monthly income of $2,665.96. Decl. Pauline Pangilinan ¶ 6 (Nov. 7, 2019); Minute Entry (Nov. 18, 2019). However, during her deposition, she admitted that her income would increase to $4,800 per month if she fully rented her newly acquired rental property, for an annual income of around $60,000.00. Not. Lodgment Depo. Pauline Pangilinan at 22-23. She did not indicate why she could not fully rent out all of the units. *Id.*

In addition, Pauline has the ability to increase her income by renting out the unit occupied rent-free by her sister, for whom Pauline already spends efforts caretaking, and instead placing her sister with herself in the parties' three-bedroom marital home where Pauline lives alone. In making that effort, Pauline's monthly expenses would be entirely covered.



During the 40 years of their marriage, Pauline worked for less than a year, and relied on her husband and his family for financial support of their lifestyle. Pauline is presently not employed, although she recognizes that she has a degree and the ability to work. Not. Lodgment Depo. Pauline Pangilinan at 32. Pauline testified that two of her children are "not well," and that she spends her time as a caretaker for her children and sister.

### B. Marciano's Financial Situation

Marciano has two main sources of reported income: an annual social security disability benefit of $28,000.00 and annual dividends from Bank of Guam in the amount of $32,000.00. He is taxed at a rate of 28 percent, leaving a total take-home annual income of approximately $43,200. Marciano has monthly expenses of around $4,000.00, which covers rent of an apartment ($1,500.00), utilities ($500), a vehicle ($385), medical co-payments, a GEDA loan he co-signed for his daughter's now defunct business ($548.10), and personal expenses ($400-500). At this rate, his expenses exceed his income.

Marciano also suffers from extensive medical issues.[1] He pays between $581.02 and $1,000.000 in medical co-payments per month. He has medical appointments in California in December 2019, for which he is unsure of the cost. He has been advised by a local dental surgeon that he needs tooth extractions that will cost approximately $11,000.00.

Various other financial issues arose during the course of the motion briefing and hearing:

1. Marciano has a $1 million life insurance policy. It has not been established that

   Marciano's life insurance policy may be converted to a cash payout at present.

---

[1] He is in remission from throat cancer and has reduced lung capacity. During his testimony, he pinched his nose which he claims is necessary for him to speak.

ORIGINAL

2. Marciano recently paid $26,000 for a vehicle for his son who attends college in California. He claims that he utilized the full amount in his Merrill Lynch investment account to pay for the vehicle, and that he then closed that account.

3. Marciano's father pays for the parties' son's college tuition. His father also pays the mortgages on the parties' primary home, where Pauline resides by herself, and on the parties' rental unit for which Pauline solely receives the rental income. Marciano's father recently stopped paying the utilities on the parties' home where Pauline resides.

4. Marciano admits that his father pays for other expenses when he asks. However, he must submit the request through his brother, who runs the request by the family business accountant.

5. Marciano's list of expenses does not include his attorney's fees. It is unknown what amount he pays for his attorney, or the source of income to pay for his attorney's fees.

## II. LAW AND DISCUSSION

Guam law permits an award of spousal support and attorney's fees to allow a spouse to support herself and to prosecute a divorce action. 19 GCA § 8402. The Court must determine a level of spousal support that reflects the needs of the requesting spouse, and the paying spouse's ability to pay. *Sweeley v. Sweeley*, 28 Cal. 2d 389, 390 (Cal. 1946). Additionally, courts have looked to the parties' prior and present standard of living, the length of the marriage, and the age, education and respective abilities of the parties. *Kang v. Kang*, 2014 Guam 10 ¶ 10.

Based on the evidence presented to the Court, Marciano does not have the financial ability to pay for additional spousal support. The parties have similar incomes, with Marciano

ORIGINAL

earning $60,000 annually pre-tax, and Pauline also potentially earning around $60,000 annually pre-tax, assuming all her rental units are occupied. After taxes, they both have losses of at least a few thousand dollars. However, Pauline has a college degree and the ability to find employment, while Marciano is declared legally disabled and his physical condition prevents him from being employed. Marciano also has upcoming medical appointments for necessary treatment.

Both Marciano and Pauline benefitted from the Pangilinan family fortune throughout their marriage and until present. Neither pays their two mortgages, and only recently has Pauline been required to assume payment for the utilities for the marital home she occupies. Pauline continues to benefit from the Pangilinan family's contribution by remaining in the family home while Marciano's father makes their mortgage payments, but Marciano must pay separately for an apartment.

Given the parties' relative circumstances, Pauline has not established that a spousal support award is appropriate at this time. While Pauline's most recent tax return indicates she earns $1,765.96 per month, her deposition testimony indicated that she can earn $4,800.00 per month. While this places her at a minimal loss of income, Marciano has also demonstrated a loss of monthly income and an inability to pay spousal support.

The Court also has the discretion to require a party "to pay as alimony any money necessary for the prosecution of the action." 19 GCA § 8402(b). "What is 'necessary' rests in the sound discretion of the trial court .... to be exercised in view of the circumstances of the parties, their several necessities, and the pecuniary ability of the husband." *Cruz v. Cruz*, 2005 Guam 3 ¶ 10 (quoting *Turner v. Turner*, 22 P. 72 (Cal.1889)). As *Cruz* describes, the Court can look beyond the parties' finances--to their "circumstances."

ORIGINAL

In this case, the Court finds that Marciano has advantageous circumstances in that he has access to money to litigate this proceeding and confidence in his family's financial support. The parties should have equal abilities to pay for their attorney's fees. *See, e.g., Rosenthal v. Rosenthal*, 17 Cal. Rptr. 186, 191 (Ct. App. 1961) ("If necessary the husband must invade his investments to provide the wife with the sinews to conduct her litigation with him."). Without support to litigate this case, Marciano has a superior ability to outlitigate Pauline and deprive her of an opportunity for competent counsel to advocate for a fair division of the community property and debt they acquired over their 40 years of marriage. Pauline has already obtained court relief in extending the trial date due to Marciano's delayed production of 400 pages of financial documents. It would be inequitable for Pauline to litigate this case, with its complicated financial picture, without the appropriate legal resources. *See Kang*, 2014 Guam 25 ¶ 14 (attorney's fee award proper given legal and factual complexities and difficulty of getting complete and accurate financial figures).

While Pauline can mostly cover her monthly expenses with her income, as Marciano can, she does not have sufficient income to cover her attorney's fees. While Marciano also does not have sufficient income to cover Pauline's monthly expenses, he has access to financial resources to cover his legal bills and his legal position, as well as other large expenses. The parties should be equal in that respect. For example, Marciano recently emptied his investment account to pay for a vehicle for his son, a college student. Given Marciano's impending medical bills and his monthly shortfall of a few thousand dollars, the Court finds it suspect that he would empty an account of around $26,000.00 to pay for a vehicle which he does not drive or benefit from. In doing so Marciano forced himself into a situation in which his expenses exceeded his income. Marciano's financial gift of such a large sum indicates his confidence in his family's financial



support of his legal and medical posture. For these reasons, the Court finds that Marciano must assist Pauline in covering her attorney's fees in the amount of $1,875.00 per month, retroactive to the date of the Complaint.

Finally, Pauline asks the Court to enjoin and compel Marciano to continue to pay the mortgages on their home and the Afame rental property. To obtain an injunction, Pauline must demonstrate the risk of irreparable injury absent an injunction, and the likelihood of success on the merits. *Mack v. Davis*, 2013 Guam 13 ¶ 12.

Both parties testified that Marciano's father has always paid the parties' real properties mortgage payments, and does so without any formal contract or obligation. Pauline Depo. at 10. Given this arrangement, Marciano himself has never been the source for making the mortgage payments. While the loss of the marital home would amount to irreparable injury, the Court cannot issue an order compelling a non-party to pay the parties' debts. Guam R. Civ. P. 65(d) (injunction binding only upon the parties to the action). The Court therefore DENIES Pauline's request for an injunction.

## III. CONCLUSION

Based on the aforementioned reasons, the Court DENIES Pauline's Motion for Spousal Support and DENIES her request for an injunction but GRANTS her request for attorney's fees. The Court ORDERS Marciano to pay Pauline's attorney's fees of $1,875.00 per month retroactive to the date of the Complaint.

SO ORDERED this 25th day of November 2019.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

ORIGINAL

SEE:

I acknowledge that a copy of the
original hereto was placed in the
court box of:

V. WILLIAMS

J. MAHER

Date: 11/24/19  Time: 4pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:

Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, P.C., for Plaintiff Pauline
        Untalan Pangilinan

James M. Maher, Esq., Law Office of James M. Maher, for Defendant Marciano V. Pangilinan II